UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY GUCWA and
MARK MARUSZA,

        Plaintiffs,                        Case No. 2:15-cv-10815-AJT-APP

  v.                                              Hon. Arthur J. Tarnow

DR. JEFFREY LAWLEY, DR. HARVEY
AGER, DR. W. JOHN BAKER, DR. BARRY
RUBIN and ACCIDENT FUND INSURANCE
COMPANY OF AMERICA,

        Defendants.
_____/

MARSHALL LASSER  P25573
Attorney for Plaintiff
P.O. Box 2579
Southfield, MI  48037
(248) 647-7722
mlasserlaw@ao.com

MARK A. HYPNAR  P32026
Attorney for Def., Dr. Baker
P.O. Box 512
Bloomfield Hills, MI  48303-0512
mahypnar@aol.cm

SCOTT D. MacDONALD  P45789
Dixon & MacDonald
Attorney for Def., Dr. Baker
24901 Northwestern Highway
Suite 200
Southfield, MI 48075
(248) 865-8866
scottmac@dixon-macdonald.com

MICHAEL D. WEAVER  p43985
Plunkett Cooney
Attorney for Def., Dr. Baker
38505 Woodward
Suite 2000
Bloomfield Hills, MI  48304
(248) 901-4025
mweaver@plunkettcooney.com

<div style="display: flex;">

JOSEPH A. FINK P13428
KATHLEEN A. LANG P34695
MICHELLE L. ALAMO P60684
CARMEN L. DORRIS P77747
Attorneys for Def., Accident Fund
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3500
jfink@dickensonwright.com
klang@dickensonwright.com
Alamo@dickensonwright.com
cdorris@dickensonwright.com

DENNIS M. RAUSS P27951
Giarmarco, Mullins & Horton, P.C.
Attorney Def., Dr. Lawley
Tenth Floor Columbia Center
101 West Big Beaver Road
Troy, MI 48084-5280
(248) 457-7000
drauss@gmhlaw.com

BRIAN D. EINHORN P13130
TRENT B. COLLIER P66448
Collins, Einhorn, Farrell, P.C.
Attorneys for Def., Dr. Rubin
4000 Town Center
Suite 909
Southfield, MI 48075-1473
(248) 355-4141
Brian.einhorn@ceflawyers.com

JOSEPH J. WRIGHT P41289
Attorney for Def., Dr. Ager
333 W. Fort Street
Suite 1600
Detroit, MI 48226
(313) 965-6100
jwright@rmrtt.com

</div>

_____/

**DEFENDANT DR. W. JOHN BAKER'S**
**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

## **TABLE OF CONTENTS**

**Page**

INDEX TO AUTHORITIES ................................................................................................ ii

ARGUMENT ...................................................................................................................... 1

    A. Despite Plaintiffs' arguments to the contrary, the complaint fails to state a claim under RICO. ............................................................................................................. 1

        1. Plaintiffs fail to allege an injury to business or property. ...................................... 1

        2. Plaintiffs have not alleged predicate acts. ............................................................ 2

    B. Plaintiffs' state law tortious interference claims must be dismissed because Plaintiffs cannot establish that Dr. Baker instigated any breach or interference. ......... 4

    C. If this court does not dismiss Plaintiffs' claims against Dr. Baker, the case should be stayed until Marusza's workers compensation proceedings are complete. ............ 6

CONCLUSION ................................................................................................................... 7

i

# **INDEX TO AUTHORITIES**

**Page**

**CASES**

*Allstate Ins. Co. v. Med. Evaluations, P.C.*,
  No. 13-CV-14682, 2014 WL 2559230 (E.D. Mich. June 6, 2014) ................................. 1, 2

*Ayres v. General Motors Corp.*,
  234 F.3d. 514, 522 (11th Cir. 2000) .................................................................................. 2

*Bridge v. Phoenix Bond & Indemnity Co.*,
  553 U.S. 639, 650-54 (2008) ............................................................................................. 3

*Brown v. Cassens Transp. Co.*,
  675 F.3d 946 (6th Cir. 2012) ............................................................................................. 6

*Dubuc v. El-Magrabi*,
  489 Mich. 869, 795 N.W.2d 593 (2011) ....................................................................... 4, 5

*Dzierwa v. Michigan Oil Co.*,
  152 Mich. App. 281, 287-88; 393 N.W.2d 610 (1986) .................................................... 4

*Jackson v. Sedgwick Claims Mgmt. Serv's., Inc.*,
  731 F3d 556, 562 (6th Cir. 2013 en banc) ................................................................ 1, 2, 6

*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*,
  No. 09-11529, 2010 WL 931864, at *20 (E.D. Mich. Mar. 11, 2010) .............................. 2

*Kevelighan v. Trott & Trott*, P.C.,
  771 F. Supp. 2d 763, 779 (E.D. Mich. 2010) ................................................................... 4

*McGee v. State Farm Mut. Auto. Ins. Co.*,
  No. 08-CV-392 FB CLP, 2009 WL 2132439 (E.D.N.Y. July 10, 2009) .......................... 3

*Moon v. Harrison Piping Supply*,
  375 F. Supp. 2d 577 (E.D. Mich. 2005) aff'd in part, rev'd in part on
  other grounds and remanded, 465 F.3d 719 (6th Cir. 2006) ............................................ 6

*State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*,
  No. 12-11500, 2014 WL 555199, at *2 (E.D. Mich. Feb. 12, 2014) ................................ 1

*United States v. Kelley Technical Coatings, Inc.*,
   157 F.3d 432, 437 (6th Cir. 1998) ................................................................................... 7

**RULES**

Fed. R. Civ. P 12(b)(6) ........................................................................................................ 7

## ARGUMENT

A. **Despite Plaintiffs' arguments to the contrary, the complaint fails to state a claim under RICO.**

1. **Plaintiffs fail to allege an injury to business or property.**

Plaintiffs do not appear to challenge the conclusion that Marusza fails to state a claim under RICO. They instead focus their efforts on Gucwa's alleged showing that she has stated an injury to business or property despite the clear dictates of *Jackson v. Sedgwick Claims Mgmt. Serv's., Inc.*, 731 F3d 556, 562 (6th Cir. 2013 en banc). Plaintiffs argue that *Jackson* does not require dismissal of Gucwa's claim because she is not the injured person suing for personal injury, but rather, she is a care provider suing for her property interest in her bill for services rendered. (Plaintiffs' Response, pp 3-4). They rely on nonbinding unpublished cases *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, No. 12-11500, 2014 WL 555199, at *2 (E.D. Mich. Feb. 12, 2014) and *Allstate Ins. Co. v. Med. Evaluations, P.C.*, No. 13-CV-14682, 2014 WL 2559230 (E.D. Mich. June 6, 2014). These cases are distinguishable because they address claims arising under Michigan's No-Fault Act as opposed to the Workers Disability Compensation Act, as was the case in *Jackson*. In *Med. Evaluations,* the district court allowed Allstate to bring a RICO action against a clinic for "seeking to recover for alleged injuries to both its property and its business—injuries that arose when the [clinic] allegedly fraudulently induced Allstate to pay large volumes of dishonest claims." 2014 WL 2559230, at *1. However, the court distinguished *Jackson*, explaining, "the decision in *Jackson* was motivated, in part, by federalism concerns that are

1

not present here . . . ." *Med. Evaluations*, 2014 WL 2559230, at *2. By contrast, in *Med. Evaluations*, the defendants did not identify "any aspect of Michigan's No-Fault system that compares to the comprehensive administrative system Michigan enacted to address and adjudicate workers-compensation claims. Thus, allowing Allstate's RICO claims to proceed does not 'create[ ] a form of federal collateral review' of state administrative benefits determinations as did the RICO claim in *Jackson*." *Id*. Again, *Jackson* instructs that "an award of benefits under a workers' compensation system and any dispute over those benefits are inextricably intertwined with a personal injury giving rise to the benefits." *Jackson*, 731 F.3d at 566. Therefore, both Marusza and Gucwa lack standing to bring a RICO claim against Dr. Baker.

2. **Plaintiffs have not alleged predicate acts.**

Plaintiffs argue that the mailing of allegedly fraudulent IME reports constitutes a predicate act, and further, that it does not matter whether anyone was deceived because there is no reliance requirement under RICO. (Plaintiffs' Response Brief, p pp 5-6). Plaintiffs' response ignores the district court opinion in *Jackson*, ultimately affirmed by the Sixth Circuit, which held that a violation of administrative duties created by the WDCA—even if fraudulent—does not amount to mail or wire fraud sufficient to give rise to liability under RICO. *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 09-11529, 2010 WL 931864, at *20 (E.D. Mich. Mar. 11, 2010), citing *Ayres v. General Motors Corp.*, 234 F.3d. 514, 522 (11th Cir. 2000).

2

Even if there is a predicate act, Plaintiffs then explain away as dicta the part of *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 650-54 (2008) that undermines their position. In that case, the Supreme Court held that first-party reliance is not required in a civil RICO action, however, the Court clarified that "none of this is to say that a RICO plaintiff who alleges injury 'by reason of' a pattern of mail fraud can prevail without showing that someone relied on the defendant's misrepresentations." *Id.* at 658 (emphasis in the original). Indeed, "[i]n most cases, the plaintiff will not be able to establish even but-for causation if no one relied on the misrepresentation." *Id.* See also *McGee v. State Farm Mut. Auto. Ins. Co.*, No. 08-CV-392 FB CLP, 2009 WL 2132439 (E.D.N.Y. July 10, 2009) (Where plaintiff doctor accused an insurer, two IME referral services, and several health care providers of conspiring to fraudulently deny him reimbursement for medical procedures he performed, the district court determined that the doctor failed to show that anyone was deceived by the alleged scheme).

Finally, Plaintiffs assert that they allege predicate acts in a forthcoming second amended complaint, i.e., that fraudulent reports were used to deceive the agency. (Plaintiffs' Response pp 8-12). But they allege that Accident Fund deceived the agency by sending fraudulent notices of dispute based on Dr. Baker's allegedly fraudulent reports. There is no allegation of an act by Dr. Baker and thus the complaint would still fail to state a RICO claim against him.

3

**B. Plaintiffs' state law tortious interference claims must be dismissed because Plaintiffs cannot establish that Dr. Baker instigated any breach or interference.**

Relying on *Dubuc v. El-Magrabi*, 489 Mich. 869, 795 N.W.2d 593 (2011), Plaintiffs argue that Marusza may sue Dr. Baker for tortious interference with insurance coverage bought by his employer. (Plaintiffs' Response, pp 12-13). Likewise, with respect to Gucwa, Plaintiffs argue that Dr. Baker instigated a breach with respect to her business relationship with Accident Fund by his "systematic production of fraudulent reports." (*Id.*, pp 14-15).

To the contrary, Plaintiffs cannot show that Dr. Baker, as a person outside any alleged contractual or business relationship, instigated a breach. This is so first and foremost because Plaintiffs' have produced a 63-paragraph complaint alleging an elaborate conspiracy between Accident Fund and Dr. Baker in which <u>Accident Fund deliberately requested reports from Dr. Baker</u>, expecting that the reports would find no disability (and here, specifically, that the reports would find no evidence of a traumatic brain injury), for the intended purpose of denying benefits to Marusza and others. Thus, if the complaint here does allege any breach of contract or expectancy, it is alleging that Accident Fund itself instigated the breach. A party to a contract cannot tortiously interfere with the contract; it can only breach the contract. See *Dzierwa v. Michigan Oil Co.*, 152 Mich. App. 281, 287-88; 393 N.W.2d 610 (1986). Moreover, a tortious interference claim cannot be brought against an agent of a party to the contract. *Kevelighan v. Trott & Trott*, P.C., 771 F. Supp. 2d 763, 779 (E.D. Mich. 2010). Again, as Plaintiffs admit, Accident Fund contracted with Dr. Baker to produce the reports in question.

4

Thus, as noted in Dr. Baker's main brief, there exists a crucial difference between *Dubuc*, 489 Mich. 869, which also involved an IME report containing allegedly false information, and the situation presented here. *Dubuc* lacked allegations of a conspiracy or scheme in which the plaintiff's employer and payer of benefits (Ford Motor Company) purposefully sent her to the defendant doctor expecting that he would make findings so that Ford could deny benefits. Rather, the claim was that the doctor instigated the breach by falsely reporting that he terminated his independent medical examination because the plaintiff was uncooperative, but a tape recording of the incident suggested that the doctor in fact thwarted the plaintiff's attempts to comply.

Finally, Plaintiffs assert they can establish a breach of contract because there is no requirement that Marusza must first sue the insurer who cited the interferer's report as ground to deny benefits. (Plaintiffs' Response, p 19). This circular reasoning must be dismissed as well as Plaintiffs' claims. Plaintiffs cannot show that Accident Fund breached the insurance contract by improperly denying Marusza benefits to which he is supposedly entitled and with which Gucwa would be compensated for her attendant care services because there has not yet been a ruling on Marusza's claim by the Worker's Disability Compensation Board.

5

**C.     If this court does not dismiss Plaintiffs' claims against Dr. Baker, the case should be stayed until Marusza's workers compensation proceedings are complete.**

Plaintiffs argue that this action should not be stayed pending outcome of the workers compensation proceedings because courts have permitted Medicare Secondary Payer Act claims to proceed even though there has been no determination of the underlying state claims against the insurer. Importantly, however, Plaintiffs do not bring an MSPA claim against Dr. Baker. Thus, Plaintiffs can only make the conclusory assertion that "because the MSPA clam must proceed, it would be senseless to stay the RICO claim." (Plaintiffs Response, p 22).

Plaintiffs also try to explain away *Moon v. Harrison Piping Supply*, 375 F. Supp. 2d 577 (E.D. Mich. 2005) aff'd in part, rev'd in part on other grounds and remanded, 465 F.3d 719 (6th Cir. 2006), which held that staying a RICO claim was proper under the abstention doctrines where adjudication of the plaintiff's claims, "hinge, in part, upon whether Plaintiff is entitled to those [worker's compensation] benefits in the first instance." *Id*. at 586. Plaintiffs creatively assert that *Moon* was "effectively overruled" with respect to stay by *Brown v. Cassens Transp. Co.*, 675 F.3d 946 (6th Cir. 2012), while acknowledging, as they must, that *Brown* was overruled by *Jackson*, 731 F.3d 556. Moreover, although the *Brown* Court denied stay under the *Burford* abstention doctrine, the parties did not raise the issue and it was not relevant because, unlike in this case, and as acknowledge by the Court, the workers compensation proceedings in *Brown* had already been completed – either by

6

settlement or a decision on the merits. In any event, *Brown* is not controlling authority. See *United States v. Kelley Technical Coatings, Inc.*, 157 F.3d 432, 437 (6th Cir. 1998) ("The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.")

## CONCLUSION

For these reasons, and for the reasons stated in the reply briefs of Drs. Ager, Lawley, and Rubin, Defendant W. John Baker respectfully requests this Honorable Court grant his Motion to Dismiss under Fed. R. Civ. P 12(b)(6) on all counts against him and grant all such other relief to which he is entitled.

By: */s/*Michael D. Weaver
MICHAEL D. WEAVER (P43985)
Attorney for Defendant
Dr. W. John Baker
38505 Woodward Avenue, Suite 2000
Bloomfield Hills, MI 48304
(248) 901-4025
mweaver@plunkettcooney.com

Date: July 1, 2015

## CERTIFICATE OF SERVICE

Michael D. Weaver, attorney with the law firm of PLUNKETT COONEY, being first duly sworn, deposes and says that on the 1st day of July 2015, he caused a copy of this document to be served upon all parties of record, and that such service was made electronically upon each counsel of record.

By: /s/Michael D. Weaver
MICHAEL D. WEAVER
mweaver@plunkettcooney.com

Open.23644.51083.15606479-1