UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

N<small>ANCY</small> G<small>UCWA AND</small> M<small>ARK</small> M<small>ARUSZA</small>,

    Plaintiffs,

v.

D<small>R</small>. J<small>EFFREY</small> L<small>AWLEY, ET AL</small>.,

    Defendants.

_____/

Case No. 15-10815

S<small>ENIOR</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small>
J<small>UDGE</small> A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
A<small>NTHONY</small> P. P<small>ATTI</small>

**A<small>MENDED</small> O<small>RDER</small> D<small>ENYING</small> P<small>LAINTIFFS</small>' M<small>OTION FOR</small> R<small>EHEARING AND</small>
R<small>ECONSIDERATION, TO</small> A<small>LTER</small> J<small>UDGMENT, AND FOR</small> R<small>ELIEF FROM</small> J<small>UDGMENT</small>
[112][1]**

    Plaintiffs Nancy Gucwa and Mark Marusza filed a Motion for Rehearing and Reconsideration, to Alter Judgment, and for Relief from Judgment on February 6, 2017 [Dkt. #112]. Plaintiffs move the Court for rehearing and reconsideration of its January 23, 2017 Opinion and Order Granting Defendants' Motions to Dismiss, Denying Defendant Dr. Rubin's Motion for Sanctions, and Denying Plaintiffs'

---

[1] This Amended Order is intended to replace the original Order Denying Plaintiffs' Motion for Rehearing and Reconsideration, to Alter Judgment, and for Relief from Judgment [120]. The line numbers that were present in the original Order have been removed. There is otherwise no difference between this Amended Order and the original Order.

Motion for Leave to File an Amendment to the Second Amended Complaint [110]. Specifically, Plaintiffs ask the Court to rehear, reconsider, and reverse its holdings as to Nancy Gucwa's RICO Claim (Count I), Mark Marusza's Claim under the Medicare Secondary Payer Act ("MSPA") (Count II), and Plaintiffs' Claims of Tortious Interference (Count III).

For the reasons stated below, Plaintiffs' Motions are **DENIED.**

### LEGAL STANDARDS

Local Rule 7.1(h)(3), which governs motions for reconsideration, provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case"). "A palpable defect is a defect which is obvious, clear, unmistakable, manifest or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations and quotations omitted). "The decision whether to grant reconsideration lies

largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiffs also move the Court under Federal Rules of Civil Procedure 59(e) and 60(b) to alter or amend the January 23, 2017 Judgment. Rule 59(e) allows courts to alter the judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). In deciding whether to grant a Rule 59(e) motion, courts must "consider[ ] the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Parties are not permitted to use such motions to re-argue their case. *See Davison v. Roadway Express, Inc.*, 562 F. Supp. 2d 971, 984 (N.D. Ohio 2008) (Rule 59(e) motions are not "designed to give an unhappy litigant an opportunity to relitigate matters already decided[.]").

Similarly, "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Relief under Rule 60(b) may be granted for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Relief under rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Higgs v. Sanford*, 2009 WL 1734467, at *1 (W.D. Ky. June 17, 2009) (internal quotations omitted).

## ANALYSIS

### A. Gucwa's RICO Claim

Plaintiff Gucwa argues that the Court erred when it dismissed her RICO claim for lack of standing. Gucwa highlights the fact that she filed a Form C Application for Mediation or Hearing with the Workers' Compensation Agency, demonstrating that she continued asserting her "entitlement to be paid for services rendered." (Dkt. 112 at 12). Further, according to Plaintiffs, Gucwa suffered an injury in that she was not compensated for the services she rendered.

Gucwa's arguments are the same as those presented in response to Defendants' motions to dismiss. "[T]he proper forum for expressing disagreement with the Court's substantive reasoning is an appeal on the merits," and the Court declines to address Plaintiffs' "allegations of substantive errors" in deciding the

instant motion. *Doshi v. General Cable Corp.*, 2015 WL 2229233, at *2 n.2 (E.D. Ky. May 12, 2015). As discussed in the January 23, 2017 Opinion and Order, it would not make sense to allow Gucwa to recover where Marusza – the injured party – cannot. Gucwa's claimed damages are too intimately connected with Marusza's personal injury underlying his workers' compensation claim to constitute an injury to business or property that is recoverable under RICO. *See Lewis v. Drouillard*, 788 F. Supp. 2d 567, 570 (E.D. Mich. 2011); *Jackson v. Sedgwick Claims Management Services*, 731 F.3d 556, 566 (6th Cir. 2013) (en banc) (explaining that "an award of benefits under a workers' compensation system *and any dispute over those benefits are inextricably intertwined with a personal injury giving rise to the benefits*.") (emphasis added).

**B. Marusza's MSPA Claim**

Plaintiff Marusza alleges, for the first time, that he suffered financial loss because Medicare stepped in to pay $15,000 for medical bills related to his traumatic brain injury when Accident Fund ("AF") refused to do so. He also claims in an affidavit that he made co-pays which he would not have paid had AF paid the bills.

It is well established that "a motion for reconsideration may not be used to raise issues that could have been raised in the previous motion." *Aero-Motive Co.*

*Great Am. Ins.*, 302 F.Supp. 2d 738, 740 (W.D. Mich. 2003). Plaintiff, perhaps recognizing the futility of raising this new argument at this stage in the proceedings, claims that the Court did not ask about financial harm during the December 2, 2016 hearing, nor did it give him the opportunity to amend the complaint to allege financial harm. To the contrary, the Court engaged in a lengthy discussion with Plaintiffs' counsel regarding Marusza's MSPA claim. *See* Tr. 35:15-39:9. That Plaintiffs' counsel chose not to mention Marusza's financial harm is no fault of the Court's. Furthermore, in none of the three versions of Plaintiffs' complaint does Marusza mention the financial harm he suffered, notwithstanding the fact that Plaintiffs amended their complaint twice. *See* Dkt. 1, 2, 75.

Marusza's affidavit is also unhelpful. It provides, in relevant part:

> [Marusza] has suffered financial harm because Medicare has paid bills which Accident Fund should have paid for treatment of injuries arising out of his work-related accident. Because Accident Fund refused to pay the bills, he has been required to pay co-pays because Medicare does not pay the entire bill. Whereas under the workers' compensation system, when Accident Fund pays his bill, he does not have to pay a co-pay.

(Dkt. 112-1).

Plaintiff Marusza does not provide the Court with any information about the amounts of these alleged co-pays or bills, when the payments were made, or the type and extent of medical services that were rendered. He also does not submit any documentary evidence – such as receipts or billing statements – in support of

his claims. *See Baker v. Gerdenich Realty Co.*, 2009 WL 997262, at *1 (N.D. Ohio Apr. 14, 2009) (the "self-serving conclusions" in plaintiff's affidavit, to which he cited in support of his motion for reconsideration, were insufficient to "overcome the extrinsic corroborating evidence Defendant supplied in support of its Motion for Summary Judgment."); *Worley v. Perfect Equipment Co., LLC*, 2006 WL 17333, at *5-6 (M.D. Tenn. Jan. 3, 2006) (on a motion for reconsideration, the plaintiff's affidavit, which contained "conclusory and unsupported allegations" and was "completely unsubstantiated and not corroborated by any other evidence in the record," was "insufficient to create a genuine issue of material fact to defeat summary judgment.").

The substance of Plaintiffs' argument also fails. A private plaintiff may invoke the MSPA if two conditions precedent are met: "[f]irst, Medicare must have actually made payments on the claimant's behalf . . . second, the primary insurer must be 'responsible' for paying the benefits at issue." *Geer v. Amex Assur. Co.*, 2010 WL 2681160, at *4 (E.D. Mich. July 6, 2010). As AF points out, Marusza has not pled specific facts alleging that AF is responsible for the payments to Medicare. In fact, it is the Court's understanding that Medicare has not issued a final determination letter as to the amount that AF is responsible for. *See* Tr. at 35:11-14; Dkt. 118-7. It is not clear that AF actually owes Medicare anything.

Plaintiff cannot simply make conclusory statements when there is no evidence that AF is even required to make any payments on Marusza's behalf.

**C. Tortious Interference**

In its January 23, 2017 Opinion and Order, the Court dismissed Plaintiffs' claims for tortious interference against Doctors Baker, Ager, and Rubin. To succeed on a claim for tortious interference with a contract, Plaintiffs must show "(1) the existence of a contract, (2) a breach of the contract, and (3) an unjustified instigation of the breach by the defendant." *Knight Enterprises v. RPF Oil Co.*, 829 N.W.2d 345, 348 (Mich. Ct. App. 2013). Plaintiffs' claims were dismissed because:

> AF allegedly had a pre-existing intent to deny workers' compensation benefits and hired the doctor defendants to effectuate that intent by providing a pretext for the denial. In other words, Plaintiffs have alleged that the doctor defendants did *not* induce the breach; rather, AF intended to breach the contract all along.

Dkt. 110 at 14.

Plaintiffs' argument with respect to the dismissal of their claims for tortious interference is confusing. The gist of their argument seems to be that the Court impermissibly relied on Count I of the Second Amended Complaint – the RICO cause of action – to support its dismissal of Count III – tortious interference with contract and business expectancy. According to Plaintiffs,

> [E]ven if Plaintiffs alleged elsewhere in the [Second Amended Complaint] that the doctors were AF's puppets – handing over "cut-off" reports like puppets whose strings were pulled – plaintiffs made no such allegations in Count III. Plaintiffs were free to allege puppet doctors in Count I and not allege puppet doctors in Count III: this is permitted by FRCP 8(d)(3).

(Dkt. 112 at 7-8).

Essentially, Plaintiffs argue that they can and have set forth two inconsistent claims pursuant to Federal Rule of Civil Procedure 8(d)(3): first, in Count I, that AF knowingly chose to take part in the fraudulent scheme with the doctor defendants, and second, in Count III, that AF was not part of the conspiracy and in fact, the individual doctor defendants induced AF to deny Marusza benefits.

Plaintiffs are incorrect for a number of reasons. First, Plaintiffs have not shown that they could not have previously raised this argument as to pleading inconsistent claims. "[A] motion for reconsideration is not properly used as a vehicle . . . to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

Plaintiffs' claims also fail on the merits. "[A] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). "A party is not free to plead any and all facts that might entitle it to relief simply

because inconsistency of factual allegations is permissible under Rule 8." *Emkey v. Sec'y of Health & Human Servs.*, 2009 WL 3683390, at *15 (Fed. Ct. Cl. Oct. 20, 2009).

Count I of Plaintiffs' Second Amended Complaint – the RICO claim – provides:

> Accident Fund hired the defendant doctors to examine allegedly injured persons, to write dishonest, biased and otherwise fraudulent reports, and if needed to give dishonest testimony based on the reports, all to deceive the Workers' Compensation Agency, its magistrates, and appellate bodies in the Michigan workers compensation system.

(Dkt. 75 at 18-19).

Count III of Plaintiffs' Second Amended Complaint – tortious interference with contract or business expectancy – contains the following language:

- *Plaintiffs incorporate all allegations of this complaint*.
- The acts of bias, fraud and dishonesty are described in Count I, incorporated herein.
- Dr. Lawley's report that Marusza suffered no pathology or disability . . . was biased, dishonest, fraudulent and contained material and misleading omissions, as described in Count I, *the allegations of which are incorporated here*.

(Dkt. 75, ¶¶ 51, 55, 58) (emphasis added).

Comparing the two counts, it is clear that Plaintiffs themselves recognize that Count III is implicated by Count I, as Count III explicitly states – twice – that it "incorporate[s] all allegations of this complaint."

In a similar case, *Haber v. Rabin*, 2016 WL 3217869, at *3 (N.D. Ohio June 10, 2016), the court examined an amended complaint that contained multiple inconsistencies. The plaintiff, relying on Rule 8(d)(3), attempted to plead a Lanham Act claim as an alternative to his breach of contract claim. The court found that the Lanham Act claim was improperly pled because the plaintiff "re-alleges paragraphs 1 through 60 [which centered on state-law breach of contract theories] and incorporates them [into the Lanham Act count] by reference." *Id.* (internal quotations omitted). Because the plaintiff incorporated specific allegations from the breach of contract claims into his Lanham Act claim, the two claims – which were "crucial[ly] inconsisten[t]" – were improperly pled and subject to dismissal. *Id.* at *2, *4.

The same thing has occurred here: Plaintiffs' tortious interference claims against Doctors Baker, Ager, and Rubin expressly "incorporate all allegations of this complaint," including the RICO claims. (Dkt. 75, ¶ 51). "While Rule 8(d)(3) allows inconsistent claims . . . it does not allow what Plaintiffs are attempting to do here – namely, to make 'clashing factual assertions . . . in the context of the same claim." *Aaron v. Medtronic, Inc.*, 209 F. Supp. 3d 994 (S.D. Ohio 2016). Moreover,

> While Federal Rule of Civil Procedure 8(d)(2) permits a party to plead in the alternative and Rule 8(d)(3) permits separate claims regardless of consistency,

a court "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely."

*Miles v. Federal Insurance Company*, 2017 WL 559582, at *4 (E.D. Ky. Feb. 10, 2017) (quoting *Williams v. CitiMortgage, Inc.*, 498 Fed. Appx 532, 536 (6th Cir. 2012) (per curiam)).

Contrary to what they now argue in their motion for reconsideration, Plaintiffs have consistently maintained that "[a]ll causes of action turn on the existence of a scheme . . . by Accident Fund acting with Drs. Baker, Ager, and Rubin to deny that Marusza suffered TBI and related conditions." (Dkt. 96 at 1); *see also* Dkt. 94 at 12 (the allegations that "AF used Baker's, Ager's and Rubin's reports as grounds to deny Gucwa and Marusza payment . . . are at the heart of the RICO claim . . . and the tortious interference claims."); Dkt. 75 at 62 (Count III of Plaintiffs' Second Amended Complaint – the tortious interference claims – expressly states: "Plaintiffs incorporate all allegations of this complaint.").

## CONCLUSION

Plaintiffs have not met their heavy burden of showing that the Court should reverse its January 23, 2017 Opinion and Order [110]. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Rehearing and Reconsideration, to Alter Judgment, and for Relief from Judgment [112] is **DENIED.**

**SO ORDERED**.

Dated: June 29, 2017

/s/Arthur J. Tarnow_____
Arthur J. Tarnow
Senior United States District Judge

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 30, 2017.

s/A. Chubb for M. Lang
Case Manager